IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JULES P. SLIM, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. **3:16-CV-1769-L** |
| JOSEPH ABUZAID and | § | |
| MUAMAR ANANI, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion of Joseph Abuzaid for Summary Judgment (Doc. 27), filed May 22, 2017; and Plaintiff Jules Slim's Motion for Summary Judgment (Doc. 35), filed June 16, 2017. After considering the motions, briefs, objections, admissible summary judgment evidence, and applicable law, the court **denies** the Motion of Joseph Abuzaid for Summary Judgment (Doc. 27); and **denies** Plaintiff Jules Slim's Motion for Summary Judgment (Doc. 35), as it determines that a genuine dispute of material fact exists regarding Plaintiff's entitlement to the declartory relief requested in this action.

### I.     Factual and Procedural Background

Plaintiff Jules Slim ("Slim" or "Plaintiff") originally brought this action by intervening in a state court action filed by Defendant Joseph Abuzaid ("Abuzaid" or "Defendant") against Muamar Anani ("Anani") in the 95th Judicial District Court, Dallas County, Texas. Slim was Abuzaid's former counsel in the state court action before moving to withdraw as counsel on December 8, 2014. Slim intervened in the state court action to enforce his right to payment under a contingency fee agreement ("Agreement") executed between him and Abuzaid in March 2014.

**Memorandum Opinion and Order - Page 1**

Slim asserts that Abuzaid formally and constructively terminated his employment as counsel in the state court action. Slim, therefore, contends that he is entitled to recover his contingency fee pursuant to the Agreement because he did not voluntarily withdraw as Abuzaid's counsel in the state court action. Abuzaid denies firing Slim.

Slim asserts that, instead of seeking to enforce his right to a 25% lien interest under the Agreement against any other attorney's fee award, he seeks a declaration of his rights as a judgment creditor with respect to his contractual lien interest to secure his interest in any money transmitted to Abuzaid in satisfaction of the state court judgment. In this regard, Slim requests that:

> he be granted judgment creditor status in the above[]referenced cause, and that he may order execution, writs, and all other remedies available for collection of same, for up to and including 25% of Abuzaid's recovery, not including attorneys' fees of other attorneys, plus Mr. Slim's own attorneys' fees incurred in prosecution of this intervention, any postjudgment matters, appeal to the Dallas Court of Appeals, or petition for review to the Texas Supreme Court, plus costs. Plaintiff Slim further prays that this Court declare his contractual and equitable lien in full force and effect against both defendants such as to protect his interests.

Pl.'s Am. Compl. 5.[*] Slim clarifies that he "does not seek attorneys' fees against Anani provided Anani does not contest the factual allegations or position asserted [in the Amended Complaint]." *Id.* Slim does, however, seek to recover attorney's fees against Abuzaid "in prosecution of this declaratory judgment [action] in enforcement of lien interest." *Id.* at 4.

On March 30, 2016, a jury entered a verdict in Abuzaid's favor against Anani in the state court action. Slim's action in intervention against Abuzaid was severed from the state court action so that the judgment entered in that case could become final. On June 24, 2016, Slim removed the severed action to federal court based on diversity jurisdiction. Slim added Anani as a "Nominal

---

[*] This portion of Plaintiff's Amended Complaint appears to have been taken from a prior state court pleading.

**Memorandum Opinion and Order - Page 2**

Defendant" in this case on April 13, 2017, out of concern that Abuzaid was attempting to reach a settlement with Anani to forego all attorney's fees and any lien interests by attorneys with respect to the amounts owed under the state judgment. As noted below, Abuzaid and Slim both moved for summary judgment with respect to the relief requested by Plaintiff.

## II.     Summary Judgment Motions

### A.     Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative

defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23. "Whe[n], as here, parties have filed cross-motions for summary judgment, each motion must be considered separately because each movant bears the burden of showing that no genuine issue of material fact exists and that it is entitled to a judgment

as a matter of law." *Shaw Constructors v. ICF Kaiser Engr's, Inc.*, 395 F.3d 533, 538-39 (5th Cir. 2004).

### B. Discussion

Abuzaid moves for summary judgment on Slim's request for relief, contending that, pursuant to the terms of the Agreement, Slim waived his contingent fee claim when he withdrew as his counsel in the state court action. Slim moves for summary judgment, contending that "he is entitled to an enforceable 25% lien interest in any recovery Abuzaid may have from any judgment debtor in the State Court Case." Pl.'s S.J. Mot. 4. Slim continues to maintain that he is entitled to recover under the Agreement, notwithstanding his motion to withdraw as counsel in the state court action, because his withdrawal was necessitated by Abuzaid's firing him or constructively discharging him as counsel. Slim contends that Abuzaid is judicially estopped from denying the fee owed to him or the value of the services provided, and Abuzaid would be unjustly enriched if allowed to collect from Anani the fee awarded in the state court action for Slim's services without compensating him.

After carefully considering the parties' motions, briefs, admissible summary judgment evidence, objections, and applicable law, the court determines that summary judgment is not appropriate, as a genuine dispute of material fact exists regarding Plaintiff's entitlement to the declaratory relief requested in this action, and resolution of the matters raised by the parties are better suited for trial. Accordingly, the court will deny both parties' summary judgment motions.

## III. Conclusion

For the reasons stated, the court **concludes** that a genuine dispute of material fact exists regarding the relief requested by Plaintiff in this action, which was the subject of Slim's and Abuzaid's summary judgment motions. The court, therefore, **denies** the Motion of Joseph Abuzaid for Summary Judgment (Doc. 27); and **denies** Plaintiff Jules Slim's Motion for Summary Judgment

(Doc. 35), as it determines that a genuine dispute of material fact exists regarding the relief requested by Plaintiff in this action. Accordingly, Plaintiff's request for relief in the form of a declaratory judgment will be tried to the court.

**It is so ordered** this 28th day of August, 2017.

Sam A. Lindsay
United States District Judge