IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JULES P. SLIM, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:16-CV-1769-S-BH |
| ) | |
| JOSEPH ABUZAID, ) | |
| ) | |
| Defendant and ) | |
| ) | |
| MUAMAR ANANI, ) | |
| ) | |
| Nominal Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By electronic order of reference dated March 22, 2018 (doc. 69), this *pro se* case has been referred for full case management. Before the Court for recommendation is *Defendant Muamar Anani's Rule 12(b)(1) Motion to Remand and 12(b)(6) Motion to Dismiss*, filed September 21, 2017 (doc. 56). Based on the relevant filings and applicable law, the motions should be **DENIED**.

**I. BACKGROUND**

Attorney Jules P. Slim (Plaintiff) entered into a contingency fee contract with Joseph Abuzaid (Defendant) to represent him in a state court action against Muamar Anani (Anani).[1] (doc. 19 at 1-3.)[2] Plaintiff sent Defendant an agreement which granted Plaintiff a lien on any proceeds recovered as a result of the action:

> Client hereby assigns and conveys to Attorney, as compensation for legal services, the above-described contingent fee(s) of the Client's interest . . . and grants, assigns[,] and conveys to Attorney a lien on the Lawsuit as such . . . provided further,

---

[1] *See Joseph Abuzaid, et al vs. Muamar Anani, et al,* No. DC-12-09866 (95th Dist. Ct., Dallas Cty., Tex. Aug. 29, 2012).

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

>   that Client's election to terminate this engagement letter shall in no manner affect the
>   assignment and conveyance of the Contingent Fee Interest. . . .

(*Id*. at 2-3.)  Defendant allegedly returned the agreement bearing his signature and Plaintiff's "recycled signature," with an added clause stating that "if [Plaintiff] withdrew from the case, he would 'waive all of his contingency percentage.'" (*Id*. at 3.)  Plaintiff "was not aware of this change until months afterward when [Defendant] brought it to [his] attention." (*Id*.)

Plaintiff claims that he was terminated "both formally and constructively[,] and did not voluntarily withdraw" from Defendant's state case against Anani. (*Id*.)  He subsequently intervened in the state case against Anani in order to assert a lien for his attorney's fees.  (docs. 1 at 7-11; 19 at 1.)  The trial against Anani began on March 22, 2016.  *See Anani v. Abuzaid*, No. 05-16-01364-CV, 2018 WL 2926660, at *2 (Tex. App.—Dallas June 7, 2018, no pet. h.) (mem. op.).  The jury ruled in Defendant's favor, and judgment was entered on that verdict awarding him damages, prejudgment and postjudgment interest, costs of court, and attorney's fees, including $100,000 in attorney's fees specifically for Plaintiff.  *See id*. at *2, 5.[3]  The "intervention by [Plaintiff] against [Defendant] was severed so that the judgment against Anani could become final." (doc. 19 at 1; *see* doc. 1 at 6.)

On June 24, 2016, Defendant removed the severed action to the federal district court for the Northern District of Texas, claiming diversity jurisdiction under 28 U.S.C. § 1332. (*See* doc. 1.)  He alleged, in relevant part, that this action is within the jurisdiction of this Court, and "[d]iversity of [c]itizenship exists between the parties in the complaint." (*Id*. at 2-3.)  On March 17, 2017, Plaintiff filed a motion for leave to amend his complaint in this case to add Anani as a nominal

---

[3] Anani appealed the judgment against him to the Court of Appeals for the Fifth District of Texas, and that court modified the judgment only to reflect the correct prejudgment interest, expressly deny recovery against other defendants in that case, and award costs.  It affirmed the judgment as modified.  *See Anani*, 2018 WL 2926660, at *1.

defendant. (doc. 13.) His proposed amended complaint expressly stated that "the addition of Muamar Anani may defeat complete diversity, therefore divesting this Court of jurisdiction." (doc. 13-1 at 2.) Defendant did not respond to Plaintiff's motion for leave to amend, and on April 13, 2017, it was granted. (doc. 18.) Plaintiff's first amended complaint was filed, and Anani was named as a nominal defendant. (doc. 19.)[4]

The amended complaint alleges that Defendant and Anani "have engaged in communications outside of the normal channels through counsel, and have made or will make arrangements for compensation to [Defendant] without reference to any attorney's fee interest." (*Id*. at 3.) He asserts that he has "twice perfected his lien interest by" informing Anani of that interest, and that he should be granted the right to collect his attorney's fees from his prior representation of Defendant. (*Id*.) He "makes no claim against any fees of any other attorney, but only as against the percentage of recovery by [Defendant] for his actual damages awarded by the jury on March 29, 2016." (*Id*.) He "does not seek to add his fees as against any judgment debtor's existing liability." (*Id*. at 4.)[5] "Instead, [he] seeks only to secure his interest such that monies transmitted to [Defendant] in satisfaction of any judgment liability be apportioned accordingly *in addition to* any other attorneys' fee interests asserted herein, whether shifted to Anani . . . or otherwise." (*Id*. (italics in original).)

As relief, Plaintiff asks for "a declaration of his contractual lien interest against the jury's verdict" under the Texas Declaratory Judgment Act (the Act), as well as "the right to independently assert and enforce his lien interest as a judgment creditor as against any judgment debtor." (*Id*. at

---

[4] Plaintiff's amended complaint states that Anani, "by joinder herein, shall take notice that Plaintiff . . . asserts a lien on any settlement, collection, or other resolution transferring value to [Defendant] in any way related to the judgment obtained or the underlying matter" in state court. (doc. 19 at 5.)

[5] Plaintiff refers to Anani as a judgment debtor. (doc. 19 at 3-4.)

3

4.) He also requests "his attorneys' fees in prosecution of this declaratory judgment" action, and "does not seek attorneys' fees against Anani provided Anani does not contest the factual allegations or position asserted herein." (*Id*. at 4-5.)

On September 21, 2017, Anani moved to remand this action back to the state court for lack of subject-matter jurisdiction, or alternatively, to dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim. (docs. 56; 58.)[6]  Plaintiff and Defendant both filed responses, and Anani filed a reply. (docs. 59; 64; 65.)  The motion is now ripe for determination.

## II. MOTION TO REMAND

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Accordingly, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Under section 1441, any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. *Id*. at § 1441(a).  A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. *Id*. at

---

[6] Anani states that he seeks to remand this action back "to state court for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (doc. 58 at 1-3.) Rule 12(b)(1) provides for dismissal for lack of subject matter jurisdiction, however. *See* Fed. R. Civ. P. 12(b)(1). Because Anani seeks remand, rather than dismissal, his argument is not considered under Rule 12(b)(1).

§§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id*. § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and there is diversity of citizenship between the parties. *Id*. § 1332(a).

"Generally, jurisdiction is determined at the time the suit is filed," but the "addition of a nondiverse party will defeat jurisdiction." *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied*, 493 U.S. 851 (1989)). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "[P]ost-removal joinder of non-diverse defendants . . . destroys diversity for jurisdictional purposes and requires remand." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999). "[C]ourts have discretion in permitting joinder, but if they so permit, remand is required. This applies not only when a court permits joinder pursuant to Rules 19 or 20, but also when the court grants plaintiff leave to amend [his] complaint to add non-diverse defendants." *Patton v. Ortho Dev. Corp.*, No. 3:13-CV-00071, 2013 WL 2495653, at *1 (N.D. Tex. June 10, 2013) (citing *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171–72 (5th Cir. 2009)).

Here, Defendant removed this case on the basis of diversity jurisdiction, and the parties do not dispute that diversity jurisdiction existed at the time of removal. (*See* doc. 1 at 2-3.) Following removal, Plaintiff moved for leave to file his first amended complaint to add Anani as a nominal defendant, and Defendant did not respond to his motion. (*See* doc. 13.) The motion was granted, and Plaintiff added Anani as a nominal defendant. (*See* docs. 18, 19.)

Anani argues that he is not a nominal defendant because "he has an interest in resolving the issue of which party or parties are the rightful judgment creditors of the judgment" against him, (doc. 58 at 4), and "Texas law affords 'judgment creditors' many legal rights with respect to 'judgment debtors,'" (doc. 65 at 3). He contends that because he is not a nominal defendant, there is a lack of complete diversity, and this Court lacks subject matter jurisdiction. (doc. 58 at 2-6.) Because the existence of jurisdiction depends on whether Anani is a nominal defendant, this issue is addressed first.

A.  **Nominal Defendant Doctrine**

In determining whether complete diversity exists, a "court considers only the citizenship of real and substantial parties to the litigation and does not take into account nominal or formal parties that have no real interest in the litigation." *Cooper v. Bank of New York Mellon*, No. 3:13–CV–1985–N–BK, 2014 WL 349577, at *3 (N.D. Tex. Jan. 31, 2014) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980)). "Whether a party is 'nominal' . . . depends on 'whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable.'" *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quoting *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assts. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)). "An alternate articulation of the test is whether or not a named party's 'role in the law suit is that of a depositary or stakeholder.'" *Louisiana v. Union Oil Co. of Cal.*, 458 F.3d 364, 367 (5th Cir. 2006) (quoting *Tri–Cities Newspapers, Inc.*, 427 F.2d at 327). A depository or stakeholder is "one 'who has possession of the funds which are the subject of the litigation [and] . . . must often be joined purely as a means of facilitating collection.'" *In re Beazley Ins. Co.*, No. 09–20005, 2009 WL 7361370,

at *4 (5th Cir. May 4, 2009) (alteration in original) (quoting *S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)). "The bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the [] defendant in state court." *Farias v. Bexar Cnty. Bd. of Tr. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 872 (5th Cir. 1991). This determination is not "dependent on how the plaintiff labels its complaint, but rather the practical effect of a judgment on a given defendant." *In re Beazley Ins. Co.*, 2009 WL 7361370, at *4 (citing *Union Oil Co. of Cal.*, 458 F.3d at 367). "The question of whether or not a named defendant is a nominal party depends on the facts in each case." *Tri–Cities Newspapers, Inc.*, 427 F.2d at 327.

In Defendant's prior lawsuit against Anani, judgment was entered in his favor, and he was awarded damages as well as attorney's fees, including $100,000 in attorney's fees for Plaintiff. *See Anani*, 2018 WL 2926660, at *2, 5. Plaintiff's amended complaint does not assert any causes of action against Anani. (*See* doc. 19 at 3-4.) It specifically states that his claim is only "against the percentage of recovery by [Defendant] for his actual damages awarded by the jury" in the prior action against Anani, and "is not intended to add any judgment liability to . . . Anani . . . or any other judgment debtor," and he seeks only a declaratory judgment granting him judgment creditor status so that he may secure his contractual lien interest against the judgment awarded in Defendant's favor. (*Id*. at 4-5.) Because Defendant and Anani allegedly "have engaged in communications outside of the normal channels through counsel, and have made or will make arrangements for compensation to [Defendant] without reference to any attorney's fee interest," Anani's joinder is intended to put him on notice that he "asserts a lien on any settlement, collection, or other resolution transferring value to [Defendant] in any way related to the judgment obtained" in the prior case. (*Id*. at 3, 5.)

Based on Plaintiff's allegations, it appears that Anani's role is that of depository or stakeholder because he "'has possession of the funds that are the subject of the litigation,'" namely, the judgment awarded in Defendant's favor, and he was "'joined purely as a means of facilitating collection'" of those funds. *See In re Beazley Ins. Co.*, 2009 WL 7361370, at *4 (quoting *Cherif*, 933 F.2d at 414). The amended complaint does not seek to add any liability to Anani, but only to establish Plaintiff's contractual lien interest on Defendant's prior judgment against him. As in *Beazley*, Anani is doing "nothing more than 'hold[ing] the money bag' and await[ing] authoritative instructions regarding to whom the bag should be passed." *Id.* at *6. Accordingly, the Court finds that Anani is a nominal defendant, and his citizenship will not be taken into account in determining whether diversity of citizenship exists between the parties.

**B.      Diversity of Citizenship**

Anani argues that there is not complete diversity between the parties for purposes of subject matter jurisdiction. (doc. 58 at 5-6.)[7]

A case that is removed under § 1332 must have "complete diversity" of citizenship. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005); *see also* 28 U.S.C. § 1332. This means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). As noted, nominal parties that have no interest in the litigation are not taken into account in determining whether complete diversity of citizenship exists. *Cooper*, 2014 WL 349577, at *3 (citing *Navarro Sav. Ass'n*, 446 U.S. at 460–61).

Here, it is undisputed that Plaintiff is a citizen of Texas, Defendant is a citizen of California,

---

[7] Anani does not dispute that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

8

and Anani is a citizen of Texas. (docs. 1 at 2; 58 at 1; *see* doc. 19 at 1-2.) Although Anani and Plaintiff are both citizens of Texas, Anani's post-removal joinder does not destroy complete diversity because he is only a nominal defendant whose citizenship is not considered in determining whether complete diversity exists. *See Cooper*, 2014 WL 349577, at *3 (citing *Navarro Sav. Ass'n*, 446 U.S. at 460–61). Because there is diversity of citizenship between Plaintiff and Defendant and there is no dispute that the amount in controversy exceeds $75,000.00, the Court has subject matter jurisdiction over this case, and Anani's motion to remand should be denied.

### III. RULE 12(b)(6)

Anani also moves to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim. (doc. 58 at 6-9.)[8]

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

---

[8] Because no claims are asserted against Anani, his motion to dismiss is construed as only seeking dismissal of himself from this case. (*See* doc. 19.)

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678 (noting that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

As previously stated, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle*

*S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Anani attached to his motion to dismiss a copy of his appellate brief and appendix from the prior case between him and Defendant, and a copy of an appellate response brief and appendix from a case between Defendant and another party that previously represented Defendant. (*See* doc. 57.) Although Plaintiff argues that these documents are not appropriate under a Rule 12(b)(6) motion to dismiss, these attachments may be judicially noticed because they are matters of public record, and their contents cannot reasonably be disputed. *See Norris*, 500 F.3d at 461 n.9; *Defranceschi v. Seterus, Inc.*, No. 4:15-CV-870-O, 2016 WL 6496319, at *2 (N.D. Tex. Apr. 18, 2016) (taking

judicial notice of the plaintiff's original petition in a prior case for the purpose of establishing the fact of the prior litigation); *see also* Fed. R. Evid. 201(b)(2) (a court may take judicial notice of a fact when "it can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed"). Accordingly, it is unnecessary to convert Anani's motion to dismiss into a motion for summary judgment.

As noted, a nominal defendant is one whose role in the lawsuit is that of a depository or stakeholder who is "often joined purely as a means of facilitating collection." *In re Beazley Ins. Co.*, 2009 WL 7361370, at *4 (citing *Cherif*, 933 F.2d at 414); *Union Oil Co. of Cal.*, 458 F.3d at 367 (citing *Tri–Cities Newspapers, Inc.*, 427 F.2d at 327); *see Pannell v. Wells Fargo Home Mortg.*, 4:18-CV-0141, 2018 WL 3361074, at *2 (S.D. Tex. June 19, 2018) (citing *Flores v. Koster*, No. 3:11–CV–0726-M-BH, 2013 WL 664704 *2 (N.D. Tex. Jan. 22, 2013)) ("In the usual case, a nominal defendant is a trustee, agent, or depositary."). Here, Plaintiff alleges that Defendant obtained a judgment (including attorney's fees) against Anani in the case for Defendant retained Plaintiff, and Anani is essentially holding the funds and awaiting a determination of which party has a right to those funds. *See In re Beazley Ins. Co.*, 2009 WL 7361370, at *6. Plaintiff has expressly alleged that Anani's joinder in this case is for the purpose of facilitating collection of the funds. Plaintiff has alleged sufficient facts to support the inclusion of Anani as a nominal defendant, his motion to dismiss should therefore also be denied.[9] *Compare Pannell*, 2018 WL 3361074, at *2 (granting Rule 12(b)(6) motion to dismiss nominal defendants because complaint contained no

---

[9] Anani also argues that Plaintiff's claim for declaratory relief under the Texas Declaratory Judgment Act should be dismissed for failure to state a claim. (doc. 58 at 6-9.) As noted, Plaintiff does not assert any claims against Anani, so his arguments for dismissal of this claim against him are moot. To the extent that Defendant's statement in his response that he agrees with Anani's arguments for dismissal is intended to seek dismissal of Plaintiff's claims against Defendant, he may file his own dispositive motion in compliance with the applicable Federal Rules of Civil Procedure and Local Civil Rules for the Northern District of Texas.

allegations to support their inclusion as nominal defendants or as defendants in any other capacity).

## IV. RECOMMENDATION

Anani's motion to remand and motion to dismiss should be **DENIED**.

**SO RECOMMENDED this 9th day of August, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE